EMANUEL PATRICK ET AL *v.* HUGH BARR ET AL.

Adverse Possession—Squatter's Possession.
    A mere squatter acquires no possessory right beyond his improvements.

APPEAL FIOM GREENUP CIRCUIT COURT.

April 15, 1868.

OPINION OF THE COURT BY JUDGE ROBERTSON:

The boundary of Hutcheson's patent for 32,000 acres of land, as sufficiently established by Scott, Galbreath, Andrews and others, includes the land in contest in this action, and Dupey's survey is evidently inaccurate.

The record does not show that Hutcheson's conveyance to Smith was ever effectuated for Smith's benefit, nor that any person holding under Smith ever asserted claim to the land from which the timber was taken for which this action was brought. And the subsequent conveyance to Trimble by persons claiming to be Hutcheson's heirs and the long possession under it apparently silence all question of title in Smith, and imply that it was Hutcheson's rightful heirs who conveyed his title availably to Trimble. But, however this may be, the evidence preponderates in favor of the conclusion that the possession under trimble's claim was constructively coextensive with the boundary of the conveyance to him of Hutcheson's title, and had continued more than thirty years before this suit was brought.

The evidence preponderates also in favor of the conclusion that Bailey was a mere squatter, and acquired no possessory right beyond his improvement.

And, moreover, Montgomery, who succeeded him, waived any claim to the unimproved land from which the timber sued for was taken by the appellants' claiming under Montgomery by acquiescing in the boundary fixed by the processioners and excluding his title to that land.

It seems to us, therefore, that the title of the appellees derived from Trimble is so conclusively established that, had the jury,

without any instruction by the court, decided otherwise, the verdict ought to have been set aside, and, therefore, the circuit court committed no error prejudicial to the appellants in assuming that the title is in the appellees.

It seems to us, also, that, tested by the evidence and the law, there was no substantial or available error in refusing instructions asked for by the appellants.

Nor can we reverse the judgment for $200 damages as assessed by the jury. The evidence authorized that assessment as merely remunerative.

Wherefore, the judgment is *affirmed*.

*Roe, Phister,* for appellant.

*Dulin, Ireland,* for appellee.